# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:14-cr-00321-GMN-NJK-1 |
| Respondent/Plaintiff, | **ORDER** |
| vs. | |
| KEVIN HALL, | |
| Petitioner/Defendant. | |

Pending before the Court is the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Mot."), (ECF No. 434), filed by Petitioner Kevin Hall ("Petitioner").  The Government filed a Response, (ECF No. 438), to which Petitioner did not file a Reply.

For the reasons discussed below, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

## I.    BACKGROUND

On April 19, 2017, Petitioner pleaded guilty to one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951, three counts of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951–52, and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i) and (ii). (*See* Mins. Proceedings, Change of Plea, ECF No. 270); (Superseding Indictment, ECF No. 167).  As part of Petitioner's plea bargain, he waived his right to appeal or to collaterally challenge his conviction or sentence in any collateral proceeding, except non-waivable claims of ineffective assistance of counsel. (Plea Memo. 14:6–19, ECF No. 271).  On ///

September 6, 2017, the Court sentenced Petitioner to 154 months' imprisonment. (*See* Mins. Proceeding, Sentencing, ECF No. 305).

Petitioner subsequently appealed his sentence, (Not. Appeal, ECF No. 311), challenging the manner in which his sentence was determined (*Id.*).  On October 28, 2020, the Ninth Circuit dismissed Petitioner's appeal, concluding that the appeal waiver contained in Petitioner's was valid, and "because [Petitioner] waived the right to appeal any aspect of his conviction and within-Guidelines sentence, including the manner in which his sentence was determined, the appeal waiver encompasse[d] his claims on appeal." *United States v. Hall*, No. 17-10390, 2020 WL 8922185, at *1 (9th Cir. 2020).  More than two years after Petitioner's appeal was dismissed, he filed the instant § 2255 Motion, (ECF No. 434), which the Court discusses below.

## II.    LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . .  may move the court which imposed the sentence to vacate, set aside or correct the sentence." *See also Davis v. United States*, 417 U.S. 333, 344-45 (1974).  To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("Brecht's harmless error standard applies to habeas cases under section 2255[.]"). Relief is warranted only upon the showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d

1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id*.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

## III.   DISCUSSION

The Government argues Petitioner's § 2255 Motion is barred by the statute of limitations. (Resp. 3:6–4:18, ECF No. 438).  "Whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims." *United States v. Laughing*, No. 10-cr-8074, 2017 WL 8941235, at *2 (D. Ariz. Feb. 22, 2017).  Accordingly, the Court begins by determining whether Petitioner's § 2255 Motion is timely.

### A. Statute of Limitations

A one-year statute of limitations applies to all § 2255 motions, which begins to run when the underlying judgment of conviction becomes final.[1]  The "finality date of a criminal

---

[1] Section 2255(f) provides four alternative dates at which the statute of limitations period may begin to run:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

judgment—that is, the date the one-year limitations period begins to run for purposes of a § 2255 petition—depends upon a defendant's post-conviction appellate activity." *United States v. Latin*, No. 17-cr-00514, 2022 WL 676670, at *3 (D. Haw. Mar. 7, 2022).  If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired. *See United States v. LaFrombiose*, 427 F.3d 680, 683 (9th Cir. 2005) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).  If a defendant does appeal, a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of *certiorari*, or when the time for filing a *certiorari* petition expires." *United States v. Clay*, 537 U.S. 522, 527 (2003).  "The certiorari deadline expires ninety days from the entry of judgment or filing of the order from which review is sought." *Lii v. United States*, No. 06-cr-00143, 2009 WL 3526700, at *2 (D. Haw. Oct. 29, 2009) (citing Sup. Ct. R. 13.1).

Petitioner's appeal to the Ninth Circuit concluded on October 28, 2020, the day the Ninth Circuit dismissed Petitioner's appeal. *Hall*, WL 8922185, at *1.  Petitioner's judgment did not become final for purposes of calculating the statute of limitation under § 2255(f)(1) until ninety days later—March 3, 2021—when the period Petitioner had for filing a petition of *certiorari* elapsed. *See United States v. Garcia*, 210 F.3d 1058, 1059 (9th Cir. 2000) (explaining that when a federal prisoner fails to file a petition for certiorari, a judgment is final "90 days after entry of the court of appeals' judgment").  Petitioner filed the present § 2255 Motion on June 23, 2023, over two years after his judgment became final. (*See generally* § 2255 Mot.).  Therefore, his § 2255 Motion is untimely.  Although Petitioner's Motion is

---

Petitioner does not allege, and the Court does not find, that any of the circumstances presented in §§ 2255(f)(2)–(4) apply in the instant case.  Therefore, the Court considers the applicable statute of limitations period to be the one set forth in § 2255(f)(1).

untimely, the Court considers whether Petitioner is entitled to equitable tolling such that his Motion may still be considered.

### B. Equitable Tolling

Liberally construing Petitioner's Motion, he argues the statute of limitations period should be tolled due to the ineffective assistance of counsel he received and the COVID-19 pandemic. (§ 2255 Mot. at 11).

"Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and those extraordinary circumstances are "the cause of [the] untimeliness." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quotation marks and citation omitted). Indeed, "the threshold necessary to trigger equitable tolling is very high." *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (quotation marks, ellipses, and citation omitted). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). And "for a litigant to demonstrate [s]he has been pursuing [her] rights diligently . . . [s]he must show that [s]he has been reasonably diligent in pursuing [her] rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing [her] claim[s] in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2010) (internal citations and quotation marks omitted). Here, Petitioner has not met his burden.

"The COVID-19 pandemic, in itself 'does not automatically warrant equitable tolling for any petitioner who seeks it on that basis." *United States v. Rivera*, No. 2:19-cr-87, 2022 WL 1434650, at *3 (E.D. Wash. May 5, 2022) (quoting *Olsen v. United States*, No. 4:20-cv-166, 2021 WL 329462, at *3 (D. Idaho Feb. 1, 2021). Without any supporting details or documentation, Petitioner's generalized allegations are too conclusory to warrant equitable

tolling. *See Robinson v. Marshall*, 405 F. App'x 241, 242 (9th Cir. 2010) ("[Petitioner] contends that he is entitled to equitable tolling based on his inability to access the law library during extended prison lockdowns. This contention fails because [petitioner] did not demonstrate how limited access to the library was the cause of his failure to timely file his petition."); *Davis v. Kibler*, No. 2:21-cv-07620, 2022 WL 2121907, at *6 (C.D. Cal. Feb. 24, 2022) ("Here, Petitioner did not provide a specific explanation as to how COVID-19 hindered his ability to timely file his federal petition. While he alleges general difficulties in accessing the prison library during COVID-19 lockdowns, Petitioner fails to provide specific facts to show that lack of access to the library 'actually prevented' him from timely filing his federal petition.") (citation omitted); *Smith v. United States*, No. 21-cr-5747, 2021 WL 5910486, at *4 (W.D. Wash. Dec. 1, 2021) (determining plaintiff did not establish extraordinary circumstances necessary to justify equitable tolling where he "broadly refer[red] to the pandemic and the difficulties it imposed" without explaining "how those complications prevented his timely filing").  While the effects of the COVID-19 pandemic could conceivably present extraordinary circumstances, Petitioner cannot meet his burden of establishing that the Court should apply the doctrine of equitable tolling "'simply by making a passing reference to the pandemic or the resulting lockdown." *Hines v. United States*, No. 17-CR-364-2, 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021)  (quoting *United States v. Aigbekaen*, No. 15-cr-0462, 2021 WL 1816967, at *1 (D. Md. May 6, 2021)).

Moreover, to the extent Petitioner argues his prior counsel's ineffective assistance delayed his filing of the instant Motion, the Court finds this conclusory argument fails to establish Petitioner's diligence or extraordinary circumstances.  Absent from Petitioner's contention is any explanation for *how* and *why* his counsel's purported ineffective assistance delayed his filing of the instant Motion.  "Without almost any factual allegations, the Court finds that [Petitioner's] untimely § 2255 motion is not entitled to equitable tolling for either the

delays relating to his prior counsel's [alleged] ineffective assistance or any prison lockdowns due to the COVID-19 pandemic." *United States v. Martinez-Flores*, No. 5:17-cr-00068, 2023 WL 3259476, at *2 (N.D. Cal. May 3, 2023).

In sum, because the Court finds Petitioner has failed to demonstrate "extraordinary circumstances" to justify equitable tolling of the one-year statute of limitations, his § 2255 Motion is time-barred.

### C.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings.  A certificate of appealability should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Here, reasonable jurists would not find either the § 2255 Motion was timely filed or that its untimeliness should be excused.  Accordingly, a certificate of appealability is DENIED.

## IV.  <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Petitioner's § 2255 Motion, (ECF No. 434), is **DENIED**.

**DATED** this __29__ day of September, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court